1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ME2 PRODUCTIONS, INC., | Case No. 2:17-cv-00724-JCM-NJK |
| Plaintiff(s), | **ORDER** |
| v. | **REPORT AND RECOMMENDATION** |
| MIKIYAS BAYU, | |
| Defendant(s). | |

This is one of dozens of cases filed by Plaintiff against numerous defendants alleged to have infringed its copyright through the BitTorrent protocol.  The Court issued an order to show cause as to why the defendants should not be severed and all defendants dismissed without prejudice except for the first defendant, as well as why the subpoenas served should not be quashed except to the extent they relate to the first defendant.  Docket No. 6.  Plaintiff filed a response to the order to show cause, and an amended response.  Docket Nos. 11, 14.[1]  The Court finds a hearing unnecessary on this matter.  *See* Local Rule 78-1.  Accordingly, the motion for a hearing at Docket No. 15 is **DENIED**.

For the reasons outlined below, the Court hereby **ORDERS** that any outstanding subpoenas that were issued to identify the Doe Defendants are **QUASHED**.  Plaintiff is **ORDERED** to promptly serve a copy of this order on the recipients of any outstanding subpoenas, and shall file a proof of service of the

---

[1] Plaintiff represents that the response filed in this and the dozens of other cases it has filed contain the same legal arguments and analysis.  *See* Docket No. 14 at 2.

same by June 20, 2017.  The recipient(s) of any outstanding subpoenas shall retain the subpoenaed information for a period of at least 60 days from the date of the issuance of this order, so that it will be available if Plaintiff proceeds in a prompt manner against the remaining defendants in new cases and obtains permission to seek early discovery in those cases.

The undersigned further **RECOMMENDS** that all Defendants except Defendant Mikiyas Bayu be **SEVERED** and **DISMISSED** without prejudice.

Plaintiff is **ORDERED** to promptly serve a copy of this order and report and recommendation on any defendant who has not yet appeared, and shall file a proof of service of the same by June 20, 2017.

## I.      FACTUAL BACKGROUND

This is one of dozens of cases alleging numerous defendants engaged in copyright infringement through BitTorrent.  Although this type of case is now relatively common in federal courts, it is only recently becoming common in this District.  Plaintiff owns the copyright for the motion picture "Mechanic 2: Resurrection."  Docket No. 1 at ¶ 11.  Plaintiff alleges that each of the defendants is a Nevada resident who infringed that copyright through participation in a BitTorrent swarm.  *See, e.g.*, *id.* at ¶¶ 29-35. Plaintiff hired a digital forensic investigation service to determine the IP addresses that were involved in that swarm.  *See id.* at ¶¶ 36-42.

Plaintiff then brought suit against 21 Doe Defendants.  *See* Docket No. 1-1.  Plaintiff moved the Court *ex parte* for an order allowing it to obtain discovery from various Internet Service Providers so that it could identify the Doe Defendants.  Docket No. 3.  The Court granted that motion.  Docket No. 5.  On April 27, 2017, the Court issued the instant order to show cause.  Docket No. 6.  On May 18, 2017, Plaintiff filed a response.  Docket No. 11.  On June 8, 2017, Plaintiff amended the complaint to name 13 defendants. *See* Docket No. 16.

## II.      RECOMMENDATION FOR SEVERANCE AND DISMISSAL WITHOUT PREJUDICE

The central question now before the Court is whether Plaintiff properly joined numerous defendants in this case based on the contention that they participated in the same BitTorrent "swarm."  The majority of courts within the Ninth Circuit have determined that such allegations are insufficient to establish the

1   requirements for joinder under Rule 20(a) of the Federal Rules of Civil Procedure[2] and, even if those

2   requirements had been met, that joinder should nonetheless not be permitted as a discretionary matter.  The

3   undersigned agrees with the majority approach on both issues.

4          A.    MERITS OF PERMISSIVE JOINDER

5          Rule 21 provides that the Court may, "on just terms, add or drop a party" from an action or "sever

6   any claim against a party."  Courts have broad discretion in determining whether to sever a party.  *See, e.g.*,

7   *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000).  Rule 20(a) outlines the requirements

8   for permissive joinder of defendants, providing that joinder is appropriate if (1) a right to relief is asserted

9   relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences, and

10  (2) some question of law or fact is common to all defendants.  *See Desert Empire Bank v. Ins. Co. of N.*

11  *Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980).  The Ninth Circuit has indicated that Rule 20 must be "construed

12  liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby

13  preventing multiple lawsuits."  *See, e.g.*, *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558

14  F.2d 914, 917 (9th Cir. 1977); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)

15  (noting the "impulse is toward entertaining the broadest possible scope of action consistent with fairness

16  to the parties; joinder of claims, parties and remedies is strongly encouraged").  At the same time, "[t]he

17  policy favoring broad joinder does not mean that the requirements for permissive joinder should be

18  ignored." *CineTel Films, Inc. v. Does 1-1,052*, 853 F. Supp. 2d 545, 554 (D. Md. 2012).

19         As noted above, a basic prerequisite for joining claims against different defendants is that they must

20  arise "out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P.

21  20(a)(2)(A).  Plaintiff alleges that each Defendant participated in a BitTorrent swarm with respect to its

22  copyrighted work and, further, that such participation in that BitTorrent swarm constitutes a transaction or

23  series of transactions.  *E.g.*, Docket No. 1 at ¶¶ 10, 33.[3]  Plaintiff further alleges that "[e]ach Defendant had

24  —————————————

25         [2] The Court refers hereafter to the Federal Rules of Civil Procedure as simply "Rules."

26         [3] "BitTorrent is a file-sharing protocol that allows users to download files via the [I]nternet.  Files
27  are broken into many pieces, and after downloading each piece, a user also becomes a source of that piece
28  for other users, creating a reciprocal, decentralized network."  4-20 MOORES'S FEDERAL PRACTICE – Civil
§ 20.05 (2017).

3

1    copied a piece of the Plaintiff's copyrighted Work identified by the Unique Hash Number; and [t]herefore,

2    each Defendant was part of the same series of transactions." *Id.* at ¶ 39.

3       Generally speaking, whether a situation constitutes a single transaction, occurrence, or series of

4    transactions or occurrences for purposes of Rule 20 depends on a case-specific analysis.  7 Wright, Miller,

5    & Kane, FEDERAL PRACTICE AND PROCEDURE, § 1653 (3d ed. 2014).  The factual scenario presented here,

6    however, is the same or substantially similar to many other copyright cases alleging infringement through

7    BitTorrent,[4] and the Court finds that those cases provide significant guidance on whether Plaintiff has

8    shown a transaction, occurrence, or series of transactions or occurrences in this case.

9       "In most of these cases, the courts have held that the defendants were improperly joined, and have

10    usually ordered severance of all but one defendant.  While the defendants' conduct is parallel, each acts

11    separately so that each instance of downloading is a separate transaction or occurrence."  4-20 MOORES'S

12    FEDERAL PRACTICE – Civil § 20.05 (2017).  Several district court decisions within the Ninth Circuit

13    persuasively articulate the reasons for finding BitTorrent swarm allegations insufficient to establish a

14    transaction, occurrence, or series of transactions or occurrences, as required to satisfy Rule 20(a).  For

15    example, Judge Teilborg succinctly surmised some of the problems with the joinder of BitTorrent claims

16    as follows:

17
18
19
20
21
22
23
24

> The Court finds that a user participating in the same swarm is not the same transaction or occurrence or series of transactions or occurrences. The Court bases this finding on the fact that a particular swarm, including the swarm at issue in this case, can last for many months. During those months, the initial participants may never overlap with later participants. Additionally, because pieces and copies of the protected work may be coming from various sources within the swarm, individual users might never use the same sources. Finally, in Plaintiff's effort to ensure this Court's jurisdiction, Plaintiff has included only Arizona IP addresses from this particular swarm. However, the Court presumes many users from many other jurisdictions participated in this swarm. Because of the ease with which all of the various users can be separated, the Court finds it would be inconsistent to find a single transaction or occurrence for joinder based solely on Plaintiff's litigation goals of bringing a single lawsuit against the Arizona defendants. In other words, there is no logic to segregating the Arizona based members of the swarm from the non-Arizona based members, except Plaintiff's convenience. The Court finds this is not a basis for allowing permissive joinder.

25    *Third Degree Films, Inc. v. Does 1-131*, 280 F.R.D. 493, 498 (D. Ariz. 2012).

26

27    _____

28      [4] It does not appear that the Ninth Circuit or any judge within this District has addressed this issue.

The concerns articulated by Judge Teilborg echo those that had been outlined earlier by Judge Spero in finding that the BitTorrent protocol does not meet Rule 20's transactional requirement:

> Under the BitTorrent Protocol, it is not necessary that each of the Does 1–188 participated in or contributed to the downloading of each other's copies of the work at issue—or even participated in or contributed to the downloading by any of the Does 1–188. Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe or to any of the potentially thousands who participated in a given swarm. The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world.

*Hard Drive Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1163 (N.D. Cal. 2011).

Plaintiff casts these decisions as "riddled with [such] profound errors in logic and judgment" that they have been relegated to "outlier" status. *See, e.g.*, Docket No.14 at 10;[5] *see also ME2 Prods., Inc. v. Manzi*, Case No. 2:16-cv–2384, Docket No. 23-1 (May 30, 2017) (declaration from Plaintiff's counsel that severing defendants "has been done by a handful of outlier courts"). Plaintiff's view of the legal landscape is a distorted one. While there are undoubtedly some judges who have reached the opposite conclusion,[6] the reasoning articulated by Judge Teilborg and Judge Spero is consistent with the majority view adopted by vast numbers of other judges within the Ninth Circuit who have held that BitTorrent swarm allegations

---

[5] In citing to Plaintiff's response to the order to show cause, the Court will refer to the page numbers as provided by CM/ECF.

[6] For example, Plaintiff cites *Thompsons Film, LLC v. Does 1-94*, which concluded that, "[i]n the circumstances of this litigation, the Court finds that joint litigation against numerous participants in a single swarm satisfies the specific requirements of Rule 20(a)(2) but that joinder may ultimately create a procedural imbalance which, left unchecked, would not comport with the principles of fundamental fairness." Case No. C13-0560RSL, 2013 U.S. Dist. LEXIS 112129, at *7-8 (W.D. Wash. Aug. 7, 2013). The Court is also aware of other decisions from within the Ninth Circuit finding that BitTorrent swarm allegations suffice to meet Rule 20's transactional requirement. Nonetheless, the undersigned finds the majority approach to be more persuasive.

Plaintiff provides a string citation to orders for the proposition that they represent the "overwhelming majority" of courts that "allow joinder in BitTorrent cases." Docket No. 11 at 19-20. Most of the orders in this string citation, and all the orders Plaintiff cited from within the Ninth Circuit, are silent regarding joinder, and discuss only whether to allow discovery on the identities of Doe Defendants. *See* Docket Nos. 14-2, 14-9, 14-18. Especially given the abundance of case law explicitly discussing the joinder issues now before the Court, Plaintiff's reliance on these discovery orders is not persuasive.

are insufficient to meet the transactional requirement in Rule 20(a)(2)(A). *See On the Cheap, LLC v. Does 1-5011*, 280 F.R.D. 500, 502-03 (N.D. Cal. 2011) (Zimmerman, J.) ("Most recent decisions on this issue have concluded that the use of the BitTorrent protocol does not distinguish these cases from earlier rulings in P2P cases in which courts have found that joining multiple Doe defendants was improper since downloading the same file did not mean that each of the defendants were engaged in the same transaction or occurrence.  I agree with the views expressed by these courts and find that plaintiff has not established that joinder would be proper under FRCP 20(a)(2) merely because defendants used BitTorrent to download the same film" (internal collection of cases omitted)); *see also Clear Skies Nevada, LLC v. Doe-98.232.166.89*, Case No. 3:15-cv-02142-AC, 2016 WL 8738173, at *1-2 (D. Or. Apr. 27, 2016) (Acosta, J.) ("A growing number of judges have concluded that grouping defendants together in a single action by their IP addresses is an improper use of Rule 20"), *adopted*, 2016 WL 8738164 (D. Or. May 6, 2016) (Mossman, J.); *Third Degree Films, Inc. v. John Does 1 Through 4*, Case No. 12-cv-1849 BEN (BGS), 2013 WL 3762625, at *1 (S.D. Cal. July 16, 2013) (Benitez, J.) ("The majority of district courts within the Ninth Circuit, however, have held that allegations of 'swarm joinder,' without more, are insufficient for joinder"); *RynoRyder Prods., Inc. v. Does 1-23*, Case No. 6:13-cv-539-TC, 2013 WL 2146456, at *2 (D. Or. May 14, 2013) (Coffin, J.) (agreeing with similar BitTorrent decision finding joinder to be improper), *adopted*, 2013 WL 3146866 (D. Or. June 17, 2013) (Aiken, C.J.);  *Riding Films, Inc. v. John Does I-CCL*, Case No. CV 13-00299-PHX-DGC, 2013 WL 2152552, at *3 (D. Ariz. May 16, 2013) (Campbell, J.) ("the rights of action against different participants in the same online swarm do not arise out of the same transaction or series of transactions"); *Voltage Pictures, LLC v. Does 1-198*, Case No. 6:13-cv-290-AA, 2013 WL 1900597, at *2 (D. Or. May 4, 2013) (Aiken, C.J.) ("Many judges have determined that the tactic of suing a large swath of users associated with IP addresses utilized in the BitTorrent cases, improperly joins dozens of defendants into a single action, *i.e.*, swarm joinder.  The number of courts holding that swarm joinder is not appropriate is growing" (internal citations omitted)); *Patrick Collins, Inc. v. John Does 1 through 34*, Case No. 3:12-CV-1475-GPC-BGS, 2013 WL 1660673, at *2 (S.D. Cal. Apr. 16, 2013) (Curiel, J.) ("the majority view among district courts within the Ninth Circuit is that allegations of swarm joinder are alone insufficient for joinder"); *808 Holding, LLC v. Collective of December 29, 2011 Sharing Hash E37917C8EE B4585E6421358FF32F29CD63C23C9 1*, Case No. 12-cv-186-MMA (RBB), 2013

6

WL 12108099, at * 1 & n.1 (S.D. Cal. Mar. 5, 2013) (Anello, J.) ("district courts have increasingly followed cases in favor of severing Doe defendants" and reversing course from prior approach taken in earlier case); *Patrick Collins, Inc. v. Does*, Case No. SACV 12-977 JVS (RNBx), 2012 WL 12893290, at *7 (C.D. Cal. Dec. 14, 2012) (Selna, J.) ("the Court agrees with the many cases in which misjoinder has been found involving 'swarms' of Doe Defendants"); *Malibu Media, LLC v. John Does 1-8*, Case No. 12-cv-1054-LAB-DHB, 2012 WL 12883203, at *1 (S.D. Cal. Nov. 27, 2012) (Burns, J.) ("the majority view among district courts within the Ninth Circuit is that allegations of swarm joinder are alone insufficient for joinder"); *Patrick Collins, Inc. v. John Does 1 Through 9*, Case No. 3:12-cv-01436-H (MDD), 2012 WL 7062535, at *3 (S.D. Cal. Nov. 8, 2012) (Huff, J.) ("the majority view among district courts within the Ninth Circuit is that allegations of swarm joinder are alone insufficient for joinder");  *Malibu Media, LLC v. John Does 1 Through 7*, Case No. 2:12-cv-1514 JAM DAD, 2012 WL 4960795, at *2 (E.D. Cal. Oct. 15, 2012) (Drozd, J.), ("Given the technical complexities of BitTorrent swarm functions, it appears unlikely that the 7 Doe defendants engaged in any coordinated effort or concerted activity"), *adopted*, 2012 WL 6194352 (E.D. Cal. Dec. 12, 2012) (Mendez, J.); *Malibu Media LLC v. Does 1-10*, 2012 WL 12884460, at *4 (C.D. Cal. Oct. 10, 2012) (Klausner, J.) ("being part of the same 'swarm' is insufficient to show that Defendants acted in concert in a single transaction or in the same series of transactions"); *Malibu Media, LLC v. John Does 1-7*, Case No. 2:12-cv-1459-GEB-CKD, 2012 WL 3127352, at *1 (E.D. Cal. July 13, 2012) (Delaney, J.) ("Given the technical complexities of BitTorrent swarm functions, it appears unlikely that the Doe defendants engaged in any coordinated effort or concerted activity"), *adopted*, 2012 WL 3204673 (E.D. Cal. Aug. 3, 2012) (Burrell, J.); *Hard Drive Prods., Inc. v. Does 1-90*, Case No. C 11-03825, 2012 WL 1094653, at *6 (N.D. Cal. Mar. 30, 2012) (Lloyd, J.) ("Although plaintiff argues that the defendants' presence in the same BitTorrent swarm satisfies the standard for joinder, this allegation is insufficient to show that defendants engaged in concerted activity in a single transaction or closely related transactions, and warrants dismissal of improperly joined defendants"); *Patrick Collins, Inc..v. John Does 1-54*, Case No. CV-11-1602-PHX-GMS, 2012 WL 911432, at *5 (D. Ariz. Mar. 19, 2012) (Snow, J.) (agreeing with those "courts [that] have found that participation in the same swarm does not constitute a single transaction or series of transactions"); *AF Holdings, LLC v. Does 1-97*, Case No. C 11-3067 CW, 2011 WL 5195227, at *2 (N.D. Cal. Nov. 1, 2011) (Wilken, J.) ("even though Plaintiff has alleged that Doe

Defendants entered into the same swarm and were downloading the same seed file, Plaintiff has not alleged that any of the ninety-seven Doe Defendants exchanged any piece of the relevant file with each other or actually acted in concert with one another"); *Pac. Century Int'l Ltd. v. Does 1-101*, Case No. C-11-02533-(DMR), 2011 WL 2690142, at *4 (N.D. Cal. July 8, 2011) (Ryu, J.) ("Because of this fundamental constraint on the collaboration between copyright infringers using the BitTorrent protocol, the court finds that Plaintiff cannot meet the permissive joinder requirement of Rule 20(a)(2)(A)"); *Diabolic Video Prods., Inc. v. Does 1-2099*, Case No. 10-CV-5865-PSG, 2011 WL 3100404, at *3 (N.D. Cal. May 31, 2011) (Grewal, J.) (rejecting argument that engaging in a common "swarm" sufficed because "[t]his court and others . . . have repeatedly held that the mere allegation that defendants used the same peer-to-peer network to infringe a copyrighted work is insufficient to meet the standards for joinder set forth in Rule 20").[7]

These are not isolated and rogue decisions, as suggested by Plaintiff, but rather examples of a firmly-established majority approach by district courts within the Ninth Circuit holding that allegations of participation in a BitTorrent swarm are insufficient to satisfy the transactional requirement of Rule 20. The case law is so well developed that judges generally find "it unnecessary to write a lengthy opinion," rather than simply concurring with this body of jurisprudence. *808 Holding*, 2013 WL 12108099, at *1. Indeed, at least one district has even gone so far as to issue a district-wide standing order prohibiting plaintiffs from initiating BitTorrent cases relying on this swarm joinder theory. *See Cobbler Nevada, LLC v. Anonymous Users of Popcorn Time: Does 1-11*, Case No. 3:15-cv-1550-SB, 2016 WL 4238639, *1 n.1 (D. Or. Aug. 10, 2016) (noting in earlier-filed case that "[t]his district has since prohibited swarm joinder BitTorrent copyright litigation" pursuant to a 2016 standing order).

---

[7] While the Court focuses herein on case law from within the Ninth Circuit, many courts around the country have held that BitTorrent swarm allegations are insufficient to meet Rule 20's transactional requirement. *See, e.g., Voltage Pictures, LLC v. Does 1-31*, 291 F.R.D. 690, 695-97 (S.D. Ga. 2013); *Malibu Media, LLC v. John Does 1-23*, 878 F. Supp. 2d 628, 632 (E.D. Va. 2012); *Malibu Media, LLC v. Does 1-11*, 286 F.R.D. 113, 115-16 (D.D.C. 2012); *CineTel Films, Inc. v. Does 1-1,052*, 853 F. Supp. 2d 545, 551-53 (D. Md. 2012); *Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233, 240 (E.D.N.Y. 2012); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 277 F.R.D. 669, 672 (S.D. Fla. 2011); *LHF Prods., Inc. v. Does 1-10*, 2016 WL 7422657, at *3 (E.D. Va. Dec. 22, 2016).

Given the breadth of case law providing detailed analysis on this issue, the undersigned agrees that a lengthy discussion of why the transactional requirement is unsatisfied is not necessary.[8]  Quite simply, the undersigned agrees with the majority approach as outlined in the cases above, and similarly finds here that Plaintiff has not established that Defendants engaged in a transaction, occurrence, or series of transactions or occurrences by allegedly participating in the same BitTorrent swarm.  As a result, the requirements for permissive joinder under Rule 20(a) are not met, and all but the first Defendant should be severed and dismissed without prejudice.

### B.   DISCRETIONARY SEVERANCE

The failure to establish the transactional requirement for permissive joinder under Rule 20(a) alone warrants severance and dismissal without prejudice.  Nonetheless, the undersigned alternatively concludes that discretionary severance is warranted even if the requirements of Rule 20(a) had been satisfied.  Upon a finding that the requirements for permissive joinder have been met, the Court retains discretion to sever claims or parties.  Fed. R. Civ. P. 20.  To that end, the Court "must . . . examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness."  *Desert Empire Bank*, 623 F.2d at 1375; *see also Coleman*, 232 F.3d at 1296

---

[8] To the extent Plaintiff is attempting to distinguish the instant case because Plaintiff filed suit against "10-30 Does per case" rather than hundreds of defendants, *see* Docket No. 14 at 9, such a distinction does not render the transactional requirement of Rule 20 satisfied, *see, e.g.*, *Patrick Collins*, 2012 WL 911432, at *5-6 (ordering severance and dismissal in case with two remaining defendants); *Third Degree Films*, 2013 WL 3762625, at *2 (same in case involving four defendants); *Malibu Media*, 2012 WL 4960795, at *2 (same in case involving seven defendants).

Similarly, to the extent Plaintiff is attempting to distinguish this case because the infringement alleged occurred in a "relatively narrow span of time," *see* Docket No. 14 at 18; *see also id.* at 16, such an argument is not persuasive.  The hit dates attached to the complaint span more than two months.  Docket No. 1-1; Docket No. 16-1.  If anything, such a timeframe militates *against* finding that the defendants engaged in the same series of transactions or occurrences.  *Cf. On the Cheap*, 280 F.R.D. at 503 n. 4 (finding that a seven-week period of alleged infringement showed an insufficient connection for joinder purposes).  Moreover, even if there were a significantly shorter timeframe alleged, the undersigned remains unpersuaded that Defendants' alleged infringement through the BitTorrent protocol would constitute a transaction, occurrence, or series of transactions or occurrences.  *See, e.g.*, *Hard Drive Productions*, 809 F. Supp. 2d at 1164 (finding Rule 20(a) unsatisfied, and noting "that the activity of the different IP addresses occurred on different days and times over a two-week period").

9

(courts must analyze whether joinder comports with the principles of fundamental fairness or would result in prejudice).[9]  The Court also determines whether joinder would confuse and complicate issues rather than making the management of the case more efficient.  *Third Degree Films*, 280 F.R.D. at 498.  At bottom, the Court must determine whether severance is "in the interest of justice."  *Hard Drive Productions*, 809 F. Supp. 2d at 1164.

Courts have routinely found that BitTorrent copyright infringement claims like those alleged here should be severed as a discretionary matter, even if the technical requirements of joinder under Rule 20 could be satisfied.  *See, e.g.*, *Hard Drive Productions*, 809 F. Supp. 2d at 1164; *On the Cheap*, 280 F.R.D. at 503; *Third Degree Films*, 280 F.R.D. at 493.  These courts have noted varied reasons for so finding.  For example, prejudice to defendants is possible given the discovery logistics at play, as each defendant would attend the depositions of the other defendants.  *See, e.g.*, *Hard Drive Productions*, 809 F. Supp. 2d at 1164.  Similarly, service of discovery and other litigation materials would prove unwieldy, especially for *pro se* litigants.  *See, e.g.*, *id.*   Those logistical problems are even more pronounced given that some of the defendants may be located in distant corners of the state.  *See, e.g.*, *On the Cheap*, 280 F.R.D. at 504.[10]

---

[9] The Ninth Circuit frames the Court's duty in this regard as mandatory.  *See, e.g.*, *Desert Empire Bank*, 623 F.2d at 1375 (indicating that the district court "must" analyze these factors); *Coleman*, 232 F.3d at 1296 (same).  Moreover, the Court also has authority to sever parties *sua sponte*.  Fed. R. Civ. P. 21.  Nonetheless, Plaintiff contends that discretionary severance need not occur because it will not oppose a request by any Defendant to sever if one is made.  Docket No. 14 at 25.  The Court declines to delegate its own duty to defendants appearing predominately without an attorney.

[10] This district is divided into an unofficial Southern Division, covering four counties, and an unofficial Northern Division, covering the remaining 13 counties in Nevada.  Local Rule IA 1-6.  Some of the cases pending before the Court include Defendants located in distant counties.  *See, e.g.*, *ME2 Prods., Inc. v. Marra*, Case No. 2:17-cv-00122-JCM-NJK, Docket No. 22-1 (May 22, 2017) (amended complaint identifying 10 of the 15 defendants as having addresses in Northern Nevada).  The addresses for these distant Defendants are in many instances beyond a 400 mile drive to this courthouse in Las Vegas.  *Cf. McCormack v. Heideman*, 694 F.3d 1004, 1008 n.1 (9th Cir. 2012) (taking judicial notice of distance between cities according to Google maps).

In this particular case, the initial complaint included five Doe Defendants from northern Nevada.  Docket No. 1-1.  On June 8, 2017, Plaintiff filed an amended complaint naming several defendants that also omitted the defendants from northern Nevada.  Docket No. 16-1.  It is unclear whether the northern Nevada defendants were omitted because their Internet Service Provider has not yet responded to Plaintiff's

1    There are also serious case management issues presented in light of the different defenses that each

2    defendant would present, potentially leading to the need for numerous mini-trials and varied motion

3    practice. *See, e.g.*, *Third Degree Films*, 280 F.R.D. at 498; *Hard Drive Productions*, 809 F. Supp. 2d at

4    1164; *LHF Prods.*, 2016 WL 7422657, at *4. Courts are also reluctant to permit the use of joinder as part

5    of a business model designed to maximize profits by, *inter alia*, evading the payment of hundreds of

6    thousands of dollars in filing fees. *See, e.g.*, *Third Degree Films v. Does 1-178*, Case No. C 12-3858 EMC

7    (MEJ), 2012 WL 12925674, at *5 (N.D. Cal. Dec. 6, 2012); *LHF Prods.*, 2016 WL 7422657, at *4 ("[t]he

8    rationale for the $400 filing fee –revenue -sharing and curbing the filing of frivolous suits–also supports

9    discretionary severance"). Courts have also severed defendants in BitTorrent cases given the risk of

10   inappropriate settlement leverage, resulting in additional possible prejudice to defendants. *See, e.g.*, *Third*

11   *Degree Films*, 2012 WL 12925674, at *5; *Malibu Media*, 2012 WL 4960795 at *2 n.2.

12         The undersigned finds these cases persuasive here, and similarly concludes that severance is proper

13   as a discretionary matter. Plaintiff's attempts to argue otherwise are not persuasive. For example, Plaintiff

14   argues that the manageability concerns noted by these courts would be less pronounced here given that there

15   are fewer defendants. Docket No. 14 at 22. At the same time, however, Plaintiff concedes that such

16   manageability concerns exist sufficient to justify severance at least with respect to Defendant Kabala.

17   Docket No. 14-1 at ¶ 31. While manageability concerns may be lessened to some degree here given the

18   number of defendants involved, they are nonetheless real concerns that militate in favor of severance. *See,*

19   *e.g.*, *Malibu Media*, 2012 WL 12884460, at *4 (in case involving ten defendants, holding that discretionary

20   severance was proper "[g]iven that it is likely that each defendant will present individual facts and defenses

21   [such that] considerations of fairness and case management render discretionary severance to be

22   appropriate"); *Patrick Collins*, 2012 WL 7062535, at *3 (employing similar reasoning to find discretionary

23   severance appropriate in case involving nine defendants); *LHF Productions*, 2016 WL 7422657, at *4

24   (same in case with ten defendants); *ME2 Prods., Inc. v. Does 1-14*, Case No. 1:16-cv-4055-WSD, 2016 WL

25   6948333, at *3 (N.D. Ga. Nov. 28, 2016) (same in case with 14 defendants).

26   _____

27   subpoena, *see* Section III, *infra*; *see also* Docket No. 10 (ordering halt to responses to outstanding
     subpoenas pending resolution of order to show cause), and whether Plaintiff would seek to add them as

28   named parties in a second amended complaint in the event that this case proceeded without severance.

1       Plaintiff also argues that, while concerns regarding improper settlement practices are "reasonable"

2   ones, the Court can trust that it and its counsel will not exert improper pressure on the defendants because

3   there is no evidence of such conduct in this case. Docket No. 14 at 28. As an initial matter, the undersigned

4   would find discretionary severance appropriate even absent such concerns. *See, e.g.*, *Hard Drive*

5   *Productions*, 809 F. Supp. 2d at 1164 (finding discretionary severance appropriate without any mention of

6   improper settlement tactics); *Third Degree Films*, 280 F.R.D. at 493 (same). Moreover, the risk of such

7   improper conduct is present, which alone suffices to militate in favor of discretionary severance. *See LHF*

8   *Productions*, 2016 WL 7422657, at *4 (finding "the potential to coerce unjust settlements" supported

9   discretionary severance); *see also ME2 Productions*, 2016 WL 6948333, at *4 (indicating discovery

10  allowed on remaining defendant would be subject to strict court oversight because "[t]he potential for

11  litigation abuse is real").[11]

12      Lastly, Plaintiff asserts that enforcing its copyright will be more difficult if it cannot utilize the

13  Court's joinder mechanism. Plaintiff finds it most cost-effective and manageable to sue many defendants

14  as part of a single case. *See, e.g.*, Docket No. 14 at 23-24. Such protestations are not persuasive.

15  "[P]laintiff's desire to enforce its copyright in what it asserts is a cost-effective manner does not justify

16  perverting the joinder rules to first create the management and logistical problems discussed above and then

17  offer to settle with Doe defendants so that they can avoid digging themselves out of the morass [P]laintiff

18  is creating." *On the Cheap*, 280 F.R.D. at 505.[12]

19      In short, the Court agrees with the many other cases in the Ninth Circuit that have found in similar

20  cases that, even were the technical requirements for joinder under Rule 20 met, discretionary severance

21  would be appropriate. As a result, all but the first defendant should be severed and dismissed without

22  prejudice.

23  _____

24      [11] Given the above analysis, the undersigned declines to evaluate herein whether the litigation tactics

25  taken to date are improper.

26      [12] Plaintiff contends that the defendants would benefit by being joined in a single suit, including that

27  costs and fees assessed may be lessened. *See* Docket No. 14 at 24-27. Such arguments are not persuasive.
    *See, e.g.*, *Clear Skies Nevada*, 2016 WL 8738173, at *3 (rejecting similar arguments), *adopted*, 2016 WL

28  8738164 (D. Or. May 6, 2016).

### III.    ORDER QUASHING SUBPOENAS

Lastly, the Court turns to the subpoenas that were issued to identify the Doe Defendants in this case. It appears that Cox Communications and Century Link have responded to the subpoenas as they relate to the Doe Defendants in Southern Nevada, but that Charter Communications has not yet responded to the subpoena related to the Doe Defendants in Northern Nevada.  *Compare* Docket No. 1-1 *with* Docket No. 16-1.  Upon finding that joinder is improper, courts routinely quash any subpoenas that have been issued seeking the identity of the Doe Defendants that have been dismissed as improperly joined.  *See, e.g.*, *Hard Drive Prods.*, 809 F. Supp. 2d at 1165; *Patrick Collins*, 2013 WL 1660673, at *4.[13]  Given Plaintiff's recent amendment naming 13 Defendants in this case, the Court hereby **QUASHES** the outstanding subpoenas regarding any Doe Defendant who has not been identified.[14]

### IV.    CONCLUSION

For the reasons discussed more fully above, the undersigned concludes that severance is appropriate both for failing to meet the transactional requirement in Rule 20(a) and, alternatively, as a discretionary severance.  Therefore, the undersigned **RECOMMENDS** that all Defendants except Mikiyas Bayu be **SEVERED** and **DISMISSED** without prejudice to the filing of a new case concurrently with the payment of the required filing fee.

In addition, since these other defendants are not properly joined in this case, the Court hereby **ORDERS** that any outstanding subpoenas issued in this case shall be **QUASHED**.  Plaintiff is **ORDERED** to promptly serve a copy of this order on the recipients of any outstanding subpoenas, and shall file a proof of service of the same by June 20, 2017. The recipient(s) of any outstanding subpoenas shall retain the subpoenaed information for a period of at least 60 days from the date of the issuance of this order, so that it will be available if Plaintiff proceeds in a prompt manner against the remaining defendants in new cases and obtains permission to seek early discovery in those cases.

---

[13] Quashing a subpoena is a matter within the authority of a magistrate judge, *Hard Drive Prods.*, 809 F. Supp. 2d at 1155, such that this ruling is framed as an order rather than a recommendation to the assigned district judge.

[14] Hence, it appears this order in this case is limited to quashing the subpoena served on Charter Communications.

1    Plaintiff is **ORDERED** to promptly serve a copy of this order and report and recommendation on

2  any defendant who has not yet appeared, and shall file a proof of service of the same by June 20, 2017.

3    IT IS SO ORDERED

4    Dated: June 13, 2017

5

6    _____
     NANCY J. KOPPE
7    United States Magistrate Judge

8                                   NOTICE

9    Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing

10  and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts

11  of appeal may determine that an appeal has been waived due to the failure to file objections within the

12  specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file

13  objections within the specified time and (2) failure to properly address and brief the objectionable issues

14  waives the right to appeal the District Court's order and/or appeal factual issues from the order of the

15  District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*,

16  708 F.2d 452, 454 (9th Cir. 1983).

17

18

19

20

21

22

23

24

25

26

27

28